# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GABRIEL ALCANTAR DE LIRA,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

CASE NO. 5:26-cv-06261-SK

**ORDER GRANTING PETITION IN PART (BOND HEARING)**

A-File No. 242-240-618

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED IN PART. No later than 7 days from this order, petitioner GABRIEL ALCANTAR DE LIRA (A# 242-240-618) shall be released from ICE custody unless he is provided a custody redetermination hearing under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1).[1] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Judgment will be entered accordingly.[2]

IT IS SO ORDERED.

DATED: October 29, 2026

HON. STEVE KIM
United States Magistrate Judge

[1] Consistent with agency regulations and practice, however, the immigration judge would retain ordinary discretion to continue the hearing after the seventh day for a reasonable period based on a valid showing of good cause—including petitioner's request to secure appearance of immigration counsel or the need to marshal documentary evidence. *See, e.g.*, 8 C.F.R. § 1003.29.

[2] The court retains jurisdiction to enforce its judgment, subject to the limits of 8 U.S.C. § 1226(e). *See, e.g.*, *Gomez v. Blanche*, No. 2:26-CV-09172-SK, 2026 WL 2743119, at *1 (C.D. Cal. Sept. 15, 2026); *see also Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026). It also retains jurisdiction over any successive action or petition under § 2241 petition alleging that petitioner is being held in immigration custody within this district in violation of federal law. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).